| STATE OF LOUISIANA | * | NO. 2022-K-0839 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| DARNELL STURGENT | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

*SCJ*

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent. Finding no manifest error in the trial court's judgment, I would deny the State's writ.

Under federal and Louisiana law, a law enforcement officer may stop a person in a public place when the officer reasonably suspects the person is committing, has committed, or is about to commit an offense. La. C.Cr.P. art. 215.1; *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Generally, the decision to stop a vehicle is considered objectively reasonable when the officer has probable cause to believe a traffic violation has occurred. *State v. Waters*, 00-0356, p. 4 (La. 3/12/01), 780 So.2d 1053, 1056 (citing *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996)). Thus, without the initial probable cause to believe a traffic offense has occurred, the traffic stop is per se unreasonable.

At the hearing in the trial court, Deputy Mills was asked what he observed preceding his stop of the vehicle. Deputy Mills testified as follows: "I observed the vehicle traveling at a very slow rate of speed. Concerned for the driver and occupants of the vehicle and other motorists on the road, I initiated a stop on the vehicle." When asked specifically whether he stopped the vehicle "because you

1

were seeking to conduct a criminal investigation or were you doing more of a wellness check", Deputy Mills stated, "[i]t was a wellness check at that time."

Based upon Deputy Mills' testimony, the trial court concluded that Deputy Mills did not provide an objectively reasonable cause to initiate the traffic stop. Relying on *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), the trial court found the stop to be unreasonable under the Fourth Amendment, because Deputy Mills testified that his purpose in initiating the stop was to conduct a "wellness check" of the driver and occupants, and the trial court found that to be equivalent to the random spot-check of drivers found unconstitutional in *Delaware*.

In *Delaware*, the Court held that "except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment." 440 U.S. at 663, 99 S.Ct. at 1401.

Although I acknowledge that Deputy Mills later testified that he issued the driver a citation for impeding the flow of traffic and no insurance,[1] I agree with the trial court that, by his own testimony, Deputy Mills did not initiate the stop to investigate a traffic violation and, consequently, the stop was per se unreasonable. *See Arizona v. Johnson*, 555 U.S. 323, 327, 129 S.Ct. 781, 784, 172 L.Ed.2d 694 (2009) ("[I]t is lawful for police to detain an automobile and its occupants pending

---

[1] On cross examination regarding the reason for the stop, Deputy Mills testified that he first came behind the vehicle along a stretch of road where the speed limit was 40 m.p.h. While following behind the vehicle, the speed limit increased to 55 m.p.h., and Deputy Mills stated that the driver did not increase her speed. He testified that he did not use a radar to determine the speed, but that he was "pacing" the driver's speed, which he indicated on his report as a speed of 38 m.p.h. in a 55 m.p.h. zone. Deputy Mills stated he did not observe any dangerous or erratic driving, but that "she [the driver] was in a No. 1 lane travel [sic] at a slow rate of speed and I was behind her."

2

inquiry into a vehicular violation.").  In addition, I agree with the trial court that the warrantless search cannot be justified by the subsequent observation of the odor or remnants of marijuana, since, by his own testimony, that observation occurred several minutes after the initial stop and after finding no impairment with the driver.

For the foregoing reasons, I find no manifest error in the trial court's findings and no abuse of discretion in its judgment granting the defendant's motion to suppress.